Jake Jensen (USB 16479)
Gregory B. Smith (USB 6657)
GREG SMITH AND ASSOCIATES
111 East 5600 South #105
Murray, UT 84107
Telephone 801-641-3397
Email: jj@justiceinutahnow.com

*Attorney for Plaintiff, Deborah Robins*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEBORAH ROBINS,<br><br>　　　　　Plaintiff,<br><br>*vs.*<br><br>HOME DEPOT U.S.A., INC.<br><br>　　　　　Defendant. | **PLAINTIFF'S COMPLAINT FOR LEGAL AND EQUITABLE RELIEF AND DEMAND FOR JURY**<br><br>Civil Number<br><br>District Judge |

Plaintiff files this Complaint and complains against Defendant as follows:

## I. PARTIES

Deborah Robins is an individual citizen, who resides in Draper, Utah. Home Depot U.S.A., Inc., is a Delaware Corporation, registered and authorized to do business in Utah (Entity Number: 1237077-0143; Company Type: Corporation - Foreign – Profit; Address: 2455 PACES FERRY ROAD ATLANTA, GA 30339; State of Origin: DE; Registered Agent:

CORPORATION SERVICE COMPANY; Registered Agent Address: 15 West South Temple Ste 1701, Salt Lake City, UT 84101).

## II. JURISDICTION AND VENUE

The Court has jurisdiction under the Age Discrimination in Employment Act, as amended 29 U.S.C. 621, et seq. and the United States Fair Labor Standards Act (FLSA) § 16, 29 U.S.C. § 216.  The Court also has supplemental jurisdiction pursuant to 28 U.S. Code § 1367.

Venue is proper in this Court (pursuant to 28 U.S.C. § 1391) because the activities either took place in Salt Lake and Summit Counties, State of Utah.

## III. STATEMENT OF FACTS

1. Plaintiff was hired by Defendant in Park City, Utah on October 18, 2012 as a cashier.

2. At all times while Plaintiff worked for Defendant, Defendant was a covered enterprise for purposes of the United States Fair Labor Standards Act (FLSA).

3. At all times while working for Defendants, Plaintiff was a non-exempt employee, and performed non-exempt duties.

4. For the three years prior to firing Plaintiff (July 20, 2014 through July 20, 2017), Defendant virtually always had Plaintiff work during her "lunch breaks," while she was clocked out.

5. Defendant knew or should have known Plaintiff was working for Defendant on her lunch breaks, and that work put her above forty (40) hours per week (so those unpaid hours were unpaid overtime hours).

6. Defendants was put on both actual and constructive notice that Plaintiff was working for Defendant during her lunch breaks.

7. Plaintiff is a 61-year-old woman, who worked very hard for Defendant, and was fired for a very trivial reason: checking out gum for herself (which she paid for) at the "self-check-out line." (Younger workers have done this, but they were not fired).

8. The reason Defendant fired her was because of her age (Defendant wanted younger workers).

9. Plaintiff started out as part-time, but quickly went full-time due to Plaintiff's good performance.

10. Due to Plaintiff's great performance, Plaintiff also rose in the ranks quickly and became the Front-End Supervisor.

11. On March 7, 2016, Plaintiff was transferred to Defendant's store in Riverton, Utah.

12. At Defendant's store in Riverton, Utah, Plaintiff was Head Cashier.

13. Plaintiff was being paid $16.55 per hour.

14. In that position Plaintiff's jobs duties included:

    a. Supervising the front end of the store;

    b. Customer service;

c. Helping other cashiers when necessary;

   d. Covering for other cashiers, when they were on break or never showed up.

15. During this time, Plaintiff was working from 5:30 AM until 2 PM.

16. While working at Defendant's store in Riverton, Utah, Plaintiff worked hard to help the store achieve its number-one (1) sales rating amongst all Defendant's stores.

   a. Plaintiff helped achieve this because Plaintiff rarely took full breaks, because Plaintiff was helping other cashiers solve problems as well as helping customers at any chance Plaintiff got.

17. Plaintiff was never late or absent while working at Defendant's store in Riverton, Utah.

   a. In fact, Plaintiff had accrued about 80 sick hours during Plaintiff's time there (and should be paid for those).

18. In addition to never being late or absent, Plaintiff was never pulled aside at Defendant's store in Riverton, Utah for wrongdoing.

   a. Plaintiff was never written up for anything.

   b. Plaintiff was never reprimanded.

   c. Plaintiff was never coached at Home Depot in Riverton.

19. Plaintiff also received many "Homers" from the store's management (an incentives program for company employees).

20. On July 20, 2017, Plaintiff was terminated from Plaintiff's employment

21. The reason *stated* for termination was that Plaintiff violated company policy when Plaintiff purchased a pack of gum at a self-checkout station before the store opened.

22. Plaintiff was not the only employee purchasing goods for him or herself.

    a. Upper management would frequently do so as well.

    b. This policy was never enforced in the past.

23. This was Plaintiff's first offense at any of Defendant's stores that Plaintiff had worked at.

24. Defendant has an established disciplinary process. This process is as follows:

    a. Coaching

    b. Counseling

    c. Final Warning

    d. Termination

25. Plaintiff never received any coaching, counseling, nor a final warning, before her termination.

26. When Plaintiff was terminated, there were other employees that were violating company policies as well that were never reprimanded.

27. Some of these violations included:

    a. Leaving money out overnight;

    b. Never showing up for work;

    c. Disappearing from position for some time;

    d. This is not an all-inclusive list.

28. Currently, Defendant replaced Plaintiff with two young girls both in their twenties and both working part-time.

29. Plaintiff was the only full-time employee that was working at front at the time of termination.

30. While working for Defendant, she worked during her lunch time.

    a. Defendant would have her clock out for lunch.

    b. While "at lunch" Defendant received phone calls, and was otherwise bothered by Defendant while she was trying to eat.

    c. This was 2.5 hours (1/2 hour per day over five working days per week) over the past 116 weeks (2.5 * 116 = 290 unpaid hours).

    d. At the rate of $16.55 an hour, the overtime rate should have been $24.825 an hour.

    e. $24.825 * 290 = $7,199.25

    f. Liquidated damages is the same amount ($7,199.25).

    g. So, the total is $14,398.50

31. Defendant also owes her $1,324 for unpaid sick days or other unpaid compensation.

32. Also, because the store was #1 in sales, she should have gotten a bonus of $1,000, too, which is due and owing.

33. Plaintiff performed all of the duties under her contract with Defendant.

## IV. CAUSES OF ACTION

**A. Plaintiff brings this action for Age Discrimination Under the Age Discrimination in Employment Act of 1967, § 2 et seq., as amended, 29 U.S.C.A. § 621 et seq.**

1. Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above.

2. The Age Discrimination in Employment Act states that in order to establish a prima facie case of age discrimination, under the ADEA, an employee must show that (1) they are within the protected age group [Defendant was 61, much older than 40-years old], (2) they were doing satisfactory work [Debbie Robins had been doing a stellar job], (3) they were discharged [she was fired on July 20, 2017]], and (4) their position was filled by a younger person [upon information and belief, her job was filled by two younger people].[1]

3. Plaintiff sought a Right to Sue from the United States Equal Employment Opportunity Commision, and was granted such on February 2, 2018, and filed this complaint within ninety (90) days of such. See Appendix.

---

[1] Age Discrimination in Employment Act of 1967, § 2 et seq., as amended, 29 U.S.C.A. § 621 et seq. *Rivera v. City & Cty. of Denver*, 365 F.3d 912 (10th Cir. 2004).

7

4. Plaintiff falls under the protected age group because she is sixty-one (61) and the protected age group is any one over forty (40).

5. Plaintiff never received any sort of disciplinary action while working for Defendant prior to termination.

6. Plaintiff arrived to work on time

7. Plaintiff never used her sick days.

8. Plaintiff continually received "Homers" from Defendant that showed her performance was excellent.

9. Plaintiff was discharged (terminated) by Defendant on July 20, 2017.

10. Defendant replaced Plaintiff after termination with two young girls in their twenties as part-time employees.

**B. She also bring this pursuant to the FLSA § 16, 29 U.S.C. § 216 to recover unpaid wages, overtime, wage differential, liquidated damages in an equal amount, attorney's fees, and the cost of this litigation.**

**C. She is also suing for breach of contract under Utah law. Defendant offered to pay her a certain amount (including sick time and bonuses), but has not paid on the offer she accepted.**

### V. JURY DEMAND

34. Plaintiff demands a jury trial.

### VI. PRAYER FOR RELIEF

35. Order that Defendant pay all contractual, statutory, liquidated and compensatory damages as a result of Defendant's unlawful conduct (consistent with the figures cited above), plus attorney fees, and costs of this action, and any other relief the Court deems fair and just, such as ordering Defendant to reinstate her at her job and at the same rate of pay.

DATED this 8th day of February, 2018.

GREG SMITH & ASSOCIATES

/s/ Gregory B. Smith
*Attorney for Plaintiff*
Debbie Robins

# APPENDIX

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Deborah Robins<br>1192 E Draper Pkwy<br>Draper, UT 84020 | From: | Phoenix District Office<br>3300 North Central Ave<br>Suite 690<br>Phoenix, AZ 85012 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 35C-2017-00563 | Pam L. Pershing,<br>State & Local Coordinator | (602) 640-5064 |

**NOTICE TO THE PERSON AGGRIEVED:**    *(See also the additional information enclosed with this form.)*

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

**Elizabeth Cadle,**
**District Director**

Feb 2, 2018

*(Date Mailed)*

Enclosures(s)

cc:    **Kimberly Dawsonia Ashford**
      Home Depot EEO Dept
      3800 W Chapman Ave
      Orange, CA 92868

      **Gregory Smith**
      Attorney At Law
      111 E 5600 S Ste 105
      Murray, UT 84107